IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEWAYNE CHANEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE 1:10-CV-1098-JMS-TAB |
| | ) | |
| OFFICER FRANCISCO OLMOS | ) | |
| | ) | |
| Defendant, | ) | |

**Defendant's Answer to Plaintiff's Complaint**

Defendant Officer Francisco Olmos, by counsel, now answers Plaintiff's Complaint. Defendant notes that, for ease of reference, the allegations of Plaintiff's Complaint are set forth verbatim with Defendant's responses following each allegation.

**PARTIES**

1. Plaintiff's Name and Prison Number: Dewayne Chaney #428678

   Present Place of Confinement or Mailing Address: 2819 Caroline Ave, Indpls, IN 46218

**ANSWER:**

   Defendant is without knowledge of information sufficient to form a belief about the truth of the allegations made in Paragraph 1 of Plaintiff's Complaint and therefore deny the same.

2. Defendant Officer Francisco Olmos IMPD #30452 is a citizen of Indpl IN. whose address is Indianapolis Metropolitan Police Department and who is employed as a police officer Marion County Indps, IN.

1

**ANSWER:**

>Defendant Francisco Olmos admits that he is an officer with the Indianapolis Metropolitan Police Department. To the extent that Paragraph 2 of the Plaintiff's Complaint states any other substantive allegations, however, the Defendant is without knowledge or information sufficient to form a belief about the truth of the other allegations made therein and therefore denies the same.

## JURISDICTION

This action is brought pursuant to 42 U.S.C. § 1983 (this applies to state prisoners).

**ANSWER:**

>Defendant admits Plaintiff purports to state a claim under 42 U.S.C. section 1983 and that jurisdiction is therefore proper. To the extent this paragraph of the Complaint purports to state any substantive allegations, the Defendants deny the remaining allegations contained therein.

## CAUSE OF ACTION

CLAIM I:

My head was slamed up against the escort van while I was handcuffed, bursting my ear drum by, the escort officer or Officer, Francisco Olmos (IMPD) #30452 It caused severe bleeding & hearing problems.

**ANSWER:**

>Defendant denies the allegations contained in Claim I of the Plaintiff's Complaint.

SUPPORTING FACTS:

I was then taken to Wishard Memorial Hospital Emergency Rm, where I was offered stictes or glue. My ear was glued to stop the bleeding to support this I have my medical record in property.

> **ANSWER:**
>
> > Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations made in the Supporting Facts portion of Claim I in Section D of Plaintiff's Complaint and therefore denies the same.

Wherefore, Officer Francisco Olmos, respectfully requests that judgment be entered for Defendant, that Plaintiff takes nothing by way of his Complaint, and Defendant be granted all other just and proper relief in the premises.

## Affirmative Defenses

Defendant, by counsel, hereby assert the following affirmative defenses:

### First Affirmative Defense

Plaintiff's claims under *Monell*, if any, are barred to the extent they have failed to properly state a claim.

### Second Affirmative Defense

The Defendant is immune from liability for Plaintiffs' claims to the extent the doctrines of qualified immunity, absolute or sovereign immunity, legislative immunity, quasi-legislative immunity, judicial immunity, or quasi-judicial immunity apply.

### Third Affirmative Defense

The Plaintiff's claims are barred to the extent he does not have standing to bring this action.

### Fourth Affirmative Defense

Plaintiff's claims are barred to the extent abstention doctrines apply.

### Fifth Affirmative Defense

To the extent the Complaint refers to the Indianapolis Metropolitan Police Department as a defendant in this action, the Indianapolis Metropolitan Police Department is not a separate, suable entity.

### Sixth Affirmative Defense

Plaintiff's claims for punitive damages against a governmental entity under state or federal law are barred, and Plaintiff is not entitled to punitive damages on any claims against Defendant in his individual capacities.

### Seventh Affirmative Defense

Plaintiff has failed to state a claim upon which relief may be granted.

### Eight Affirmative Defense

Plaintiff's state law claims, if any, are barred to the extent he has failed to comply with the notice requirements of the Indiana Tort Claims Act, Indiana Code section 34-13-3-1 *et seq.*

### Ninth Affirmative Defense

Plaintiff's claims are limited to the extent he failed to mitigate his damages, but to the extent some mitigation has occurred, Defendant is entitled to a set-off.

### Tenth Affirmative Defense

Plaintiff's claims are barred to the extent that he has failed to exhaust his administrative remedies.

### Eleventh Affirmative Defense

Plaintiff's lawsuit and any recovery is barred to the extent that the claims are subject to any federal statute limiting the cause of action or the recovery of damages, including, but not limited to, a cap on compensatory damages and a limitation on interest.

### Twelfth Affirmative Defense

To the extent that Plaintiff's lawsuit alleges negligence or state tort claims, Defendant s immune under Indiana's Tort Claim Act, Indiana Code section 34-13-3-4, *et seq*.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred to the extent that they have waived claims by actions or inactions.

### Fourteenth Affirmative Defense

Plaintiff is barred from recovering damages to the extent such damages were the proximate result of Plaintiff's contributory negligence.

### Fifteenth Affirmative Defense

Plaintiff is barred from recovering damages to the extent such damages were the proximate result of the actions or inactions of a non-party.

### Sixteenth Affirmative Defense

Plaintiff's claims are barred to the extent they are untimely.

### Seventeenth Affirmative Defense

Defendant acted in good faith at all times, and had reasonable grounds for believing that any act(s) he took did not violate any applicable federal or state laws.

### Eighteenth Affirmative Defense

Defendant acted in accordance with his authority pursuant to a State law.

### Nineteenth Affirmative Defense

Plaintiff's recovery, if any, on state law claims is limited pursuant to Indiana Code section 34-13-3-4.

### Twentieth Affirmative Defense

Plaintiff may not recover damages on any state law claims against the individual Defendants for the acts committed within the scope of his employment.

### Twenty-first Affirmative Defense

The alleged injuries and/or damages of which the Plaintiff complains were the proximate result of the risk voluntarily incurred and/or assumed by the Plaintiff.

### Twenty-second Affirmative Defense

Plaintiff's claims for retroactive relief are barred or limited under the doctrine of nonretroactivity to the extent a rule was announced after the Plaintiff's conduct took place.

### Twenty-third Affirmative Defense

Plaintiff's claims are barred to the extent they are not ripe.

### Twenty-fourth Affirmative Defense

Plaintiff's claims are barred to the extent he is seeking to obtain damages for the underlying conduct for which he has been convicted under *Heck v. Humphrey*, 512 U.S. 477 (1994).

### Twenty-fifth Affirmative Defense

Plaintiff's claims are estopped under the doctrines of collateral estoppel or res judicata to the extent the claims or issues have been previous litigated.

### Twenty-sixth Affirmative Defense

Plaintiff's claims are estopped to the extent the doctrine of judicial estoppel applies.

### Twenty-seventh Affirmative Defense

Plaintiff's conspiracy claims under Section 1983 or 1985 are barred by the intracorporate immunity doctrine.

### Twenty-eight Affirmative Defense

Defendants did not act with malice or reckless indifference..

### Twenty-ninth Affirmative Defense

Plaintiff's claim for prejudgment interest are barred by Indiana law.

### Thirtieth Affirmative Defense

Plaintiff's claims are barred or limited to the extent the doctrine of laches applies.

### Thirty-first Affirmative Defense

Plaintiff's claims are barred to the extent the loss of chance doctrine applies.

Further, The Defendants hereby reserve any and all rights they may have to raise additional affirmative defenses that may be developed through the course of discovery in this litigation.

Respectfully submitted,

s/ Gregory R. Clark
Gregory R. Clark (26793-53)
Assistant Corporation Counsel
OFFICE OF CORPORATION COUNSEL
200 East Washington Street, Room 1601
Indianapolis, Indiana  46204
Telephone: (317) 327-4055
Fax:  (317) 327-3968
E-Mail: Gregory.Clark@indy.gov

Attorney for Defendant Officer Francisco Olmos

8

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been duly served upon all parties listed below, by United States mail, first-class, postage prepaid on this 1st day of December, 2010.

| | |
|---|---|
| Dewayne Chaney | Dewayne Chaney |
| 428678 | 428678 |
| 2819 Caroline Avenue | 1415 S. Pennsylvania Street |
| Indianapolis, IN 46218 | Indianapolis, IN 46202 |

I hereby certify that a copy of the above and foregoing has been served upon the following counsel of record by the Court's electronic filing service, this 1st day of December, 2010:

John C. Ruckelshaus
John F. Kautzman
Andrew Duncan
Ruckelshaus, Kautzman, Blackwell
Bemis & Hasbrook
107 N. Pennsylvania St., Ste. 900
Indianapolis, IN 46204

                                                    s/ Gregory R. Clark
                                                  Gregory R. Clark (26793-53)
                                                  Assistant Corporation Counsel

OFFICE OF CORPORATION COUNSEL
200 East Washington Street, Rm. 1601
Indianapolis, IN 46204
Telephone: (317) 327-4055
Fax: (317) 327-3968